PHILLIP A. TALBERT
United States Attorney
DENISE N. YASINOW
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:22-CR-0239-WBS |
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| ERIC MICHAEL JAKLITSCH, | |
| Defendant. | |

## I.    STIPULATION

1.    Plaintiff United States of America, by and through its counsel of record, and Defendant ERIC MICHAEL JAKLITSCH ("defendant"), by and through his respective counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information of real persons and other confidential information of victims, witnesses, and third parties.

2.    The Information in this case, transferred from New Jersey under Rule 20 of the Federal Rules of Criminal Procedure, charges the defendant with a violation of 18 U.S.C. § 1343 – Wire Fraud. The defendant waived indictment and pleaded guilty on January 9, 2023.

3.    As part of its investigation in the above-captioned case, the United States is in possession of documents relating to the charge against the defendant and seeks to provide those documents to

1    counsel for the defendant in advance of sentencing.

2          4.      The United States intends to produce to the Defense Team, as defined below, materials

3 containing personal identifying information ("PII") and other confidential information of real persons

4 and entities, including, among other things, personal names, addresses, phone numbers, Social Security

5 numbers, dates of birth, employment information, credit/debit card numbers, and bank account numbers.

6 These real persons and entities are victims, witnesses, or third parties to this case.

7          5.      The purpose of the proposed Protective Order is to prevent the unauthorized

8 dissemination, distribution, or use of materials containing the PII and confidential information of others.

9 If this information is disclosed without protective measures, or to the defendant without limitation, it

10 will risk the privacy and security of the people to whom the information relates.  The information could

11 itself be used to further criminal activity if improperly disclosed or used.  The United States has ongoing

12 statutory and ethical obligations to protect victims.

13          6.      Due to the nature of the charges and the alleged conduct in this case, PII and other

14 confidential information make up a significant part of the discovery materials in this case and such

15 information itself, in many instances, has evidentiary value.  The documentary evidence contains a very

16 large quantity of privacy-protected information that would be difficult or time-consuming to redact.

17 Further, if the government were to attempt to redact all this information, the defense would receive a set

18 of discovery that would be highly confusing and difficult to understand, and could inhibit a prompt

19 sentencing hearing in this matter.

20          7.      Accordingly, the parties jointly request a Protective Order that will permit the United

21 States to produce discovery that is unredacted, but preserves the privacy and security of victims, witness,

22 and third parties.  The parties agree that the following conditions, if ordered by the Court in the proposed

23 Protective Order, will serve the government's interest in maintaining the privacy and security of victims

24 and third parties, while permitting the Defense Team to understand the United States's evidence against

25 the defendant.

26          8.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

27 Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

28

## II.     **PROPOSED PROTECTIVE ORDER**

### A.   **Protected Materials**

9.     This Order pertains to all discovery provided or made available to defense counsel in this case that contains unredacted Personal Identifying Information as defined below (hereafter, collectively "Protected Materials").

10.     For purposes of the Protective Order, the term Personal Identifying Information ("PII") includes: any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) – as well as home addresses, physical address information, and personal phone numbers – and any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1), for anyone other than the defendant.

11.     For purposes of the Protective Order, the term "Protected Materials" includes: any discovery that the United States has provided or made available to Defense Counsel and has designated "PROTECTED MATERIALS- SUBJECT TO PROTECTIVE ORDER" by a notation written, stamped, or inscribed on the discovery itself or a discovery container (e.g., a physical or electronic folder, disc, or flash drive).

12.     To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B.   **Defense Team**

13.     For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

14.     For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates

1    of the defendant.

2    15. Defense Counsel must provide a copy of this Order to all members of the Defense Team.

3    Defense Counsel must obtain written acknowledgement from members of the Defense Team that they

4    are bound by the terms and conditions of this Protective Order, prior to providing any Protected

5    Materials to the members of the Defense Team. The written acknowledgement need not be disclosed or

6    produced to the United States unless ordered by the Court.

7    **C.   Disclosure of Discovery and Protected Materials**

8    16. No person or party shall use any discovery produced by the government in this action,

9    including without limitation Protected Materials and information derived therefrom, for any purpose

10   other than use in the above-captioned case. All such discovery shall be used solely for the purpose of

11   conducting and preparing for post-conviction, sentencing, and and appellate proceedings (both direct

12   and collateral) and in this criminal action for no other purposes whatsoever, and shall not be used for the

13   economic or other benefit of the defendant, or any third party. Protected Materials may be disclosed

14   only to the categories of persons and under the conditions described in this Order.

15   17. The Defense Team shall not permit anyone other than the Defense Team to have

16   possession of the Protected Materials, including the defendant himself.

17   18. The defendant may review Protected Materials in this case only in the presence of a

18   member of the Defense Team, and Defense Counsel shall ensure that he is never left alone with any

19   Protected Materials. The defendant may not copy, keep, maintain, or otherwise possess any of such

20   Protected Materials at any time. The defendant must return any Protected Materials to the Defense

21   Team at the conclusion of any meeting at which the defendant reviews the Protected Materials. The

22   defendant may not take any Protected Materials out of the room in which they are meeting with the

23   Defense Team. The defendant may not write down or memorialize any PII contained in the Protected

24   Materials. At the conclusion of any meeting with the defendant, the member of the Defense Team

25   present shall take with him or her all Protected Materials. At no time, under any circumstances, will any

26   Protected Materials be left in the possession, custody, or control of the defendant, whether or not he is

27   incarcerated.

28   19. The Defense Team may review Protected Materials with a witness or potential witness in

this case, including the defendant, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendant.  Before being shown any portion of the Protected Materials, however, any witness or potential witness must be informed of the existence of the Protective Order and given a copy of the Protective Order.  No witness or potential witness (other than members of the Defense Team) may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

20.     This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

21.     Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.     Ensuring Security of Protected Materials**

22.     The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

23.     To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Encryption keys must be stored securely and not written on the storage media that they unlock.

24.     If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

**E.**      **Filings**

25.      In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

**F.**      **Conclusion of Prosecution**

26.      The provisions of this Order shall not terminate at the conclusion of this prosecution.  All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

27.      Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, unless the California Rules of Professional Conduct, as interpreted by the State Bar of California, require Defense Counsel to retain the material for a longer duration of time.

**G.**      **Termination or Substitution of Counsel**

28.      In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in this Protective Order.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

### H.    Redaction of Protected Materials

29.    Nothing in this Order shall prevent the United States Attorney's Office from redacting PII or other confidential information in any Protected Materials related to the identity of cooperators and informants.

### I.    Modification of Order

30.    Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

### J.    Violation of Order

31.    Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

### K.    Application of Laws

32.    Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

33.    Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.


Dated:  February 2, 2023                                   PHILLIP A. TALBERT
                                                                          United States Attorney


                                                                          /s/ DENISE N. YASINOW
                                                                          DENISE N. YASINOW
                                                                          Assistant U.S. Attorney


Dated:  February 2, 2023                                    /s/ ALEX KESSEL
                                                                          Alex Kessel
                                                                          Counsel for Defendant
                                                                          ERIC MICHAEL JAKLITSH

1
2
**[~~PROPOSED~~] FINDINGS AND ORDER**

3   The Court having read and considered the Stipulation and Joint Request for a Protective Order,

4   which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE

5   exists to enter the above Order.

6   IT IS SO FOUND AND ORDERED this 3rd day of February, 2023

7
8
9   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28