UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ERIC MICHAEL JAKLITSCH,<br><br>        Defendant. | No. 2:22-cr-15 WBS<br><br><br><br><u>ORDER</u> |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>ERIC MICHAEL JAKLITSCH,<br><br>       Defendant. | No. 2:22-cr-239 WBS |

----oo0oo----

On May 22, 2023, defendant was sentenced to a total term of 81 months' imprisonment in Case No. 2:22-cr-15 WBS and Case No. 2:22-cr-239 WBS. Defendant, through retained counsel, has filed identical motions to reduce his sentence under 18

1

1 | U.S.C. § 3582(c)(2) and Amendment 821 in both cases.  (Docket No.
2 | 63 in Case No. 2:22-cr-15 WBS; Docket No. 27 in Case No. 2:22-cr-
3 | 239 WBS.)
4 |            The government agrees that defendant is technically
5 | eligible for a retroactive application of the zero-point
6 | provision, although the court notes that defendant appears to be
7 | technically eligible for the reduction only because his case
8 | involving a separate fraudulent scheme in the District of New
9 | Jersey was transferred to this district and he was subsequently
10 | sentenced in both cases on the same day.  Nevertheless, the
11 | government argues that the court should decline to exercise its
12 | discretion to reduce defendant's sentence.  (Docket No. 63 in
13 | Case No. 2:22-cr-15 WBS; Docket No. 27 in Case No. 2:22-cr-239
14 | WBS.)
15 |            For the reasons set forth at pages 5-7 of the
16 | government's opposition to the motions, the court declines to
17 | exercise its discretion to reduce defendant's sentence at this
18 | time.  As an initial matter, the court notes that it has been
19 | only a little over a year since defendant was sentenced, and thus
20 | defendant's history of no violations while incarcerated only
21 | slightly weighs in favor of a reduction.  Defendant also points
22 | to the mitigating factors discussed at sentencing, such as his
23 | acceptance of responsibility by pleading guilty, lack of prior
24 | criminal history, drug use which helped cause his criminal
25 | conduct, and work with youth as a basketball coach.  However,
26 | the court took all of these factors in account at sentencing, and
27 | they do not warrant a reduction in sentence now.
28 |            Most importantly, defendant was involved in two

1  separate fraud schemes which resulted in $3.4 million in losses
2  to the California Employment Development Department and $777,000
3  in losses to the United States Small Business Administration and
4  the identity theft of over 180 victims.  Defendant has never
5  cooperated with law enforcement to identify his co-conspirators
6  or locate any of the stolen funds.  Defendant has also not paid
7  any of the restitution he owes.  Given the seriousness of these
8  crimes and all the relevant factors, the court finds a reduction
9  in sentence is not appropriate.
10          IT IS THEREFORE ORDERED that defendant's motions
11 (Docket No. 63 in Case No. 2:22-cr-15 WBS; Docket No. 27 in Case
12 No. 2:22-cr-239 WBS) be, and the same hereby are, DENIED.
13 Dated:  June 17, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE